## No. 11,379.

### McFERSON, BANK COMMISSIONER v. BOARD OF COUNTY COMMISSIONERS OF PROWERS COUNTY.

Decided November 30, 1925.

Proceeding in garnishment. Judgment for garnishee.

*Affirmed.*

*On Application for Supersedeas.*

1. COUNTIES—*Garnishment.* In the absence of a statutory provision therefor, a county is not subject to garnishment.

2. MUNICIPAL CORPORATIONS—*Counties.* A county is not, strictly speaking, a municipal corporation, although the term municipal corporations is sometimes used in statutes to include counties.

3. CONSTITUTIONAL LAW—*Counties—Garnishment.* Chapter 143, S. L. 1911, so far as it concerns the garnishment of counties, is unconstitutional and void because the subject of garnishment of counties is not clearly expressed in the title of the act.

*Error to the District Court of Prowers County, Hon. A. F. Hollenbeck, Judge.*

Messrs. GORDON & GORDON, for plaintiff in error.

Mr. GRANBY HILLYER, Messrs. GOODALE & HORN, for defendant in error.

*En banc.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THIS is a case where the district court of Prowers county dismissed proceedings wherein it was sought to impose upon the board of county commissioners the liability and the obligations of a garnishee. A judgment had been previously obtained against one Hunter, the county treasurer, and the plaintiff in that case, Grant McFerson, as state bank commissioner, sought to attach the salary due Hunter. To review the dismissal of the garnishment, plaintiff below brings the cause here, and applies for a supersedeas. The board of county commissioners is the defendant in error. Both sides request that the case be disposed of as one pending upon final hearing.

In the absence of a statutory provision therefor, a county is not subject to garnishment. The only statute we have on this subject is chapter 143 of the Session Laws of 1911. The defendant in error successfully contended below, and contends here that the act of 1911 is unconstitutional, so far as the subject of garnishment of counties is concerned, because, as it claims, the title of the act does not clearly express such subject, and therefore, to that extent, the act is in violation of section 21, article 5, of the Constitution of Colorado, which provides: "No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title; but if any subject shall be embraced in any act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed."

The constitutionality of the act of 1911, so far as the

subject of garnishment of counties is concerned, is the sole question presented by the record for our consideration.

The title of the act of 1911 is as follows: "An Act to Amend an Act of the Session Laws of 1891, entitled 'An Act to Provide for the Garnishment of Municipal Corporations,' being Chapter Seven (VII), Section one hundred and thirty-one (LLXXXI) of the Revised Statutes of Colorado 1908."

The question is whether the title of the original act, that is, the Act of 1891, is sufficient to comprehend the new subject added in the amendatory act, that is, the garnishment of counties. The title of the original act (S. L. 1891, p. 234) was: "An Act to Provide for the Garnishment of Municipal Corporations." The act of 1891 contained but one section, and, so far as material here, that section simply provided that "all municipal corporations shall be subject to garnishment * * *."

Both sides appear to assume, and they could not well do otherwise, that the ultimate question is whether the term "municipal corporations" as used in the title of the act of 1911 includes counties.

It was held in *Stermer v. La Plata County*, 5 Colo. App. 379, 38 Pac. 839 (followed in *Gann v. Mineral County*, 6 Colo. App. 484, 41 Pac. 829, and *Mesa County v. Brown Bros.*, 6 Colo. App. 43, 39 Pac. 989) that the words "municipal corporations" as used in the act of 1891 do not comprehend counties, and that, therefore, counties are not subject to garnishment. In the body of the act of 1891 the term "municipal corporations" was used without any qualifications or associated terms, just as it was in the title. What it meant in the body of the act was what it meant in the title, and vice versa. It didn't include counties within its meaning. Moreover, a county is not, strictly speaking, a municipal corporation. 15 C. J. 392.

The title of the present act (chapter 143, S. L. 1911) does not add anything to the title of the old act, in the way of specifying any new subject of legislation. The title does not show that the amendment would include a new subject,

that is, garnishment of other than municipal corporations. It should be observed that the old title did not express the broad subject "garnishment" but the narrower subject, "garnishment of municipal corporations."

It is true that the term "municipal corporations" is sometimes used in statutes to include counties. 28 Cyc. 131. But it was not so used in the act of 1891, according to the three decisions of our Court of Appeals, hereinbefore cited. And the term was not changed in any manner by the title of the present act. It still means what it did at the time of the decisions above mentioned.

The Constitution provides that the subject must be "clearly" expressed in the title. The term "municipal corporations" does not clearly express counties within its meaning. That term does not ordinarily comprehend counties. 3 Words & Phrases (2nd series), 472, et seq.

For reasons above indicated, the act of 1911 does not in its title clearly express the subject of garnishment of counties, and for that reason the act, so far as it concerns the garnishment of counties, is in violation of section 21, article 5, of the state Constitution, and therefore void. The trial court did not err in holding that counties are not subject to garnishment, and in dismissing the garnishment proceedings.

The application for a supersedeas is denied, and the judgment is affirmed.

MR. JUSTICE CAMPBELL not participating.